## 9676.   CRESWELL *v.* WILLIAMS.

JENKINS, J. 1. The writ in this case pertains to a cause of action in what was originally an equitable petition, in which it was sought to restrain the defendant from disposing of certain lumber which the petitioner claimed he had purchased from the defendant under the terms of a written contract; but the cause was amended on the trial by striking from the petition all prayers for equitable relief, and proceeded solely for the recovery of damages by virtue of the alleged breach of the contract of sale. The contention of the plaintiff on the trial was that the defendant had breached the contract of sale by refusing to deliver to him the lumber purchased. The defendant, on the other hand, contended that the plaintiff had himself breached the contract by reason of his failure to count and receive each car of lumber before removing it from the mill-yard, and also by his failure to remove such lumber within a reasonable time. *Held:* While the testimony going to show a breach of the terms of the contract on the part of the plaintiff himself is not to our minds altogether clear, still it can not be said that the jury were wholly unauthorized to thus construe it, and there-

fore the verdict must not be set aside as being without evidence to support it. Nor can the verdict be disturbed upon the ground of the alleged error in the charge, since the finding of the jury, to the effect that the contract had been actually breached by the plaintiff, renders immaterial the propriety of the charge which it is complained improperly authorized the jury to limit a portion of the damages claimed under the terms of the contract as construed by plaintiff.

　　　　　*Judgment affirmed. Wade, C. J., and Luke, J., concur.*
　　　　　DECIDED JANUARY 14, 1919.

Action on contract; from Catoosa superior court—Judge Tarver. March 9, 1918.

*M. L. Harris,* for plaintiff.

*W. E. Mann, Rosser & Shaw,* for defendant.